Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 23, 2013. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony, aggravated unlicensed operation of a motor vehicle in the first degree and resisting arrest.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while intoxicated, a class E felony (Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]), and resisting arrest (Penal Law § 205.30).
We reject defendant’s contention that County Court erred in denying his request for a missing witness charge. Defendant failed to establish that the witness’s testimony would have been noncumulative (see People v Welch, 307 AD2d 776, 777-778 [2003], lv denied 100 NY2d 625 [2003]), and defendant’s assertion that the witness “presumably” could have provided noncumulative testimony is speculative (see People v Gonzalez, 16 AD3d 283, 284 [2005], lv denied 5 NY3d 766 [2005]). In any *1645 event, we conclude that any error in the court’s refusal to give a missing witness charge is harmless inasmuch as the evidence of defendant’s guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (see People v Fields, 76 NY2d 761, 763 [1990]; People v Comfort, 31 AD3d 1110, 1112 [2006], lv denied 7 NY3d 847 [2006]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
We reject defendant’s further contention that the court issued an erroneous jury instruction. “Generally, in determining whether a jury charge was proper, the test is ‘whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied’. . . Parts of jury charges cannot be read ‘alone and in a vacuum’ ” (People v McDaniels, 19 AD3d 1071, 1071 [2005], lv denied 5 NY3d 830 [2005]). Considering the adequacy of the jury charge as a whole against the background of the evidence presented at the trial (see People v Andujas, 79 NY2d 113, 118 [1992]), we conclude that the charge here was proper (see People v Waldriff, 46 AD3d 1448, 1448 [2007], lv denied 9 NY3d 1040 [2008]; see also People v Fisher, 101 AD3d 1786, 1787 [2012], lv denied 20 NY3d 1098 [2013]).
Finally, contrary to defendant’s assertion, New York’s persistent felony offender statute is constitutional on its face and as applied in this case (see People v Battles, 16 NY3d 54, 59 [2010], cert denied 565 US —, 132 S Ct 123 [2011]; People v Tuszynski, 120 AD3d 1568, 1569 [2014], lv denied 25 NY3d 954 [2015]), and the court did not abuse its discretion in sentencing defendant as a persistent felony offender (see People v Boykins, 134 AD3d 1542, 1543 [2015]).
Present — Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.